IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **LATONYA ANTOINETTE MACK,**<br><br>Plaintiff,<br><br>v.<br><br>**PAPA JOHN'S PIZZA,**<br><br>Defendant. | Case No.1:17-cv-3422-JMS-DML |

## ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT

Papa John's USA, Inc., incorrectly identified in the caption as Papa John's Pizza ("Papa John's" or "Defendant"), by counsel, hereby answers Plaintiff's Employment Discrimination Complaint as follows:

### I. PARTIES

Plaintiff's Name and Address:   LaTonya Mack
699 Connors Drive, Apt. D
Greenwood, IN  46143

Defendant's Name and Address:   Papa John's Pizza
4907 S. Emerson Ave.
Indianapolis, IN  46227

**ANSWER:** Defendant admits Plaintiff is LaTonya Mack. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her address. Defendant admits Plaintiff properly identified the address of her work location, but states the principal place of business is located at 2002 Papa Johns Blvd, Louisville, KY 40299.

## II. JURISDICTION

1. This complaint is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and jurisdiction is based on 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1343(a)(4).

**ANSWER:** Defendant admits Plaintiff purports to bring a claim pursuant to Title VII of the Civil Rights Act of 1962 ("Title VII") and that this Court has subject matter jurisdiction over Plaintiff's claims. Defendant denies it violated Title VII or any other law with respect to Plaintiff.

2. Plaintiff did timely file a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission.

**ANSWER:** Defendant admits Plaintiff filed charge number 470-2017-02566 with the Equal Employment Opportunity Commission. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of Plaintiff's Complaint.

3. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission was received on or about September 8, 2017.

**ANSWER:** Defendant admits the EEOC issued a Dismissal and Notice of Rights to Plaintiff on September 8, 2017. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph of Plaintiff's Complaint.

### III. STATEMENT OF LEGAL CLAIM

4. Plaintiff is entitled to relief in this section because: I was employed by Papa John's as a manager designate.

**ANSWER:** Defendant admits it employed Plaintiff as a Manager Designate from on or about June 4, 2016 to on or about November 27, 2016. Defendant denies the remaining allegations in this paragraph of Plaintiff's Complaint.

5. On November 25, 2016 I was absent from work.

**ANSWER:** Defendant admits the allegations in this paragraph of Plaintiff's Complaint.

6. I gave paper notice to Clint Adkins, GM prior to my absence.

**ANSWER:** Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

7. I am aware that white employees who have been absent and not terminated.

**ANSWER:** Defendant denies it treated Plaintiff differently than white employees. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph of Plaintiff's Complaint, and the same are accordingly denied.

### IV. FACTS IN SUPPORT OF COMPLAINT

8. Adkins was aware in October of the day I was requesting off and I texted him the morning of my shift.

**ANSWER:** Defendant denies the allegations in this paragraph of Plaintiff's

Complaint.

9. I fell *[sic]* discrimination started when I didn't transfer to another store.

**ANSWER:** Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

10. My overtime was cut and Lori (district manager) told one of her managers not to let me work at one of her stores and I have an email stating that.

**ANSWER:** Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

11. I know several white employees whom had bad attendance issues and employees that requested days off, was scheduled and still did a no call no show and they wasn't terminated.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Complaint, and the same are accordingly denied.

12. I have names and dates of the white employees whom didn't follow their schedule but remained employed.

**ANSWER:** Defendant denies it treated Plaintiff differently than white employees. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of Plaintiff's Complaint, and the same are accordingly denied.

## V. PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any relief.

## GENERAL DENIAL

To the extent any allegations in the Complaint remain unanswered, Defendant hereby denies the same and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to a reasonable opportunity for further investigation and discovery and without shifting the burden of proof on any issue for which Plaintiff bears that burden, Defendant alleges the following additional affirmative and other defenses:

1. Plaintiff's claims are barred to the extent Plaintiff failed to satisfy the statutory and/or jurisdictional prerequisites to suit and/or to the extent she seeks to base her claims on events occurring outside the applicable statute of limitations.

2. Plaintiff's claims are barred to the extent they exceed the scope of her Charge of Discrimination and/or to the extent Plaintiff failed to exhaust administrative remedies.

3. Plaintiff's recovery for any claim is barred to the extent she failed to mitigate her damages.

4. Plaintiff fails to state a claim for punitive damages under Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, or any other federal statute.

5. Defendant did not take actions in knowing or reckless disregard of Plaintiff's protected rights, and Defendant did not willfully violate any laws with respect to its treatment of Plaintiff; therefore, Plaintiff is not entitled to punitive damages.

6. Defendant has exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace by establishing and publishing effective policies and complaint procedures for its employees.

7. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

8. Defendant took all actions with regard to Plaintiff's employment for legitimate, non-discriminatory, and non-retaliatory reasons and in good faith, without any malice and without any intent to injure or harm Plaintiff; therefore Defendant did not violate any law.

9. Plaintiff fails to state a claim for compensatory or punitive damages under any federal statute or state law.

10. To the extent Plaintiff establishes that her protected status in any way motivated Defendant's actions regarding Plaintiff's terms and conditions of employment, Defendant would have taken the same action regardless of Plaintiff's alleged protected status or activity.

Defendant reserves the right to supplement, alter and/or amend its defenses and affirmative defenses if the course of discovery so requires. Defendant reserves the right to assert additional affirmative defenses or other defenses as may appear applicable during the course of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded all costs and attorneys' fees incurred in the defense of this action and such further relief as the Court deems just and proper.

>Respectfully submitted,
>
>*/s/ Whitney A. Caldwell*
>Alan L. McLaughlin (#10182-49)
>Whitney A. Caldwell (#32818-49)
>
>*Attorneys for Defendant*
>*Papa John's USA, Inc.*

LITTLER MENDELSON, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
Facsimile:   317.636.0712
E-mail: amclaughlin@littler.com
         wcaldwell@littler.com

## CERTIFICATE OF SERVICE

I certify that on this 12th day of February 2018, I caused a copy of the foregoing *Answer to Employment Discrimination Complaint* to be filed electronically.  A copy of the foregoing has been mailed via First-Class, United States mail, postage prepaid to the following:

>LaTonya Mack
>699 Connors Drive, Apt. D
>Greenwood, IN  46143

>*/s/ Whitney A. Caldwell*
>Whitney A. Caldwell

Firmwide:152668998.1 054924.1025